STATE *vs.* EDWARD E. WIGGIN and another.

Kennebec. Opinion July 21, 1881.

*Intoxicating liquors. Common Seller. Evidence.*

At a trial upon an indictment as a common seller of intoxicting liquors, a certified copy of the record of a special internal revenue tax showing that the respondent paid a special tax as a retail liquor dealer during the time covered by the indictment is admissible in evidence.

Upon the trial of an indictment as a common seller, a request that the jury be instructed that, if there was no evidence of any sale the verdict must be for the respondent, cannot properly be given.

ON EXCEPTIONS.

Indictment of Edward E. Wiggin and Edwin A. Getchell, as common sellers of intoxicating liquors from December 15, 1880, to the time of finding the indictment at the April term of court, 1881.

The verdict was guilty, and the defendants alleged exceptions to the ruling of the presiding judge in admitting in evidence a certified copy of the record of a deputy collector of United States internal revenue, showing that the respondents paid a special tax of $25 as retail liquor dealers, and also to the refusal of the presiding justice to instruct the jury that the evidence was not sufficient in law to find the respondents guilty, also that although the jury find intoxicating liquors upon the premises, if there is no evidence of sale the verdict must be for the respondents.

*H. M. Heath*, county attorney, for the State.

*E. W. Whitehouse*, for the defendants.

APPLETON, C. J. The defendants were convicted as common sellers of intoxicating liquors.

Exceptions are alleged to the rulings of the justice presiding at their trial.

1. It is objected that a certified copy of the record of a special internal tax for the district including Kennebec county, showing the respondents paid a special tax as liquor dealers during the time covered by the indictment was received.

In *State* v. *Gorham*, 65 Maine, 270, the question of the admissibility of evidence of this character was fully considered. It was there held that a book containing a record of the names of persons paying special taxes kept at the office of the collector of internal revenue, as required by the statutes of the United States, or a duly certified copy of the same, was receivable in evidence.

The copy offered contained the letters, R. L. D. as describing the business or occupation of the defendants, for and on account of which the tax was paid by them.

These letters the deputy collector of the United States internal revenue testified to mean, retail liquor dealer. The evidence was properly admitted.

2. The counsel requested the court to instruct that the evidence upon the law was not sufficient to find the defendants guilty.

It was for the jury to determine the facts. The instructions given being correct, the error of the jury if they erred, is not to be corrected by exceptions. It may not be amiss, however, to remark, that it is difficult to see how they could have rendered a different verdict.

3. The third request was that "if there was no evidence of sale the verdict must be for the respondents." But this could not properly have been given. The defendants might have been shown to be common sellers by their own admissions. The fact might have been established by circumstantial evidence. The instructions given in relation to this request are not made the subject of exception.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.