The People of the State of Illinois, Defendant in Error, v. Moses Brown, Plaintiff in Error.

Gen. No. 5,139.

1. INTOXICATING LIQUORS—*what indictment charging unlawful sale need not allege.* An indictment charging the unlawful sale of intoxicating liquors in anti-saloon territory need not set up the proceedings by which such territory became anti-saloon.

2. INTOXICATING LIQUORS—*what indictment charging unlawful sale need not allege.* An indictment charging the unlawful sale of liquor in anti-saloon territory need not aver that the defendant was not a druggist.

3. INTOXICATING LIQUORS—*what unlawful sale.* If a person receives orders for intoxicating liquors in anti-saloon territory, transmits them to a company dealing in such liquors resident in another county of the state, receives and delivers the liquor in such anti-saloon territory, and in such territory collects the pay therefor, a violation of the statute is established.

4. CRIMINAL LAW—*when denial of bill of particulars not ground for reversal.* In a prosecution charging the unlawful sale of intoxicating liquors in anti-saloon territory, it is not prejudicial error to deny a motion for a bill of particulars if it appears that the

names of the witnesses were on the back of the indictment and the record furnishes no reason to suppose that the defendant was not fully advised of the acts relied upon for a conviction.

5. PLEADING—*when language of indictment sufficiently technical.* Where the language of an indictment is sufficient to inform the defendant with what crime he is charged and to enable the court to ascertain from an inspection thereof that the offense created by statute is committed, it is sufficient.

6. JURIES—*when challenge to array not sustained.* An irregularity in the making up of a jury list will not support a challenge to the array so as to bring about a reversal of a conviction if it does not appear that the defendant was prejudiced or that he had exhausted his peremptory challenges or that he was not tried by a fair and impartial jury.

Prosecution for unlawful sale of liquor. Error to the Circuit Court of De Kalb county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

HARVEY A. JONES, for plaintiff in error.

E. M. BURST, for defendant in error; IRWIN & EGAN and H. W. McEWEN, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

An indictment in four counts was returned in the Circuit Court of DeKalb county against Moses Brown for violations of the Act of 1907, which provides for the creation of anti-saloon territory and makes it unlawful to sell intoxicating liquors therein. During the trial the third and fourth counts were dismissed. He was convicted under the first and second counts and, after a motion for a new trial was denied, he was was fined $20 and the costs under each of said first and second counts and ordered committed to the county jail till said fine and costs were paid or he was discharged according to law. He has sued out this writ of error to review that judgment.

It is urged that the indictment is insufficient. Each of said counts charged that Brown, on dates named in October and November, 1908, "at and within the

town of DeKalb in the County of DeKalb in the State of Illinois aforesaid unlawfully and wilfully intoxicating liquor did then and  there sell, the said town of DeKalb then and there being anti-saloon territory, contrary to the form of the statute,'' etc.

It is urged that the indictment should have alleged the presentation of a sufficient petition to have the town of DeKalb made anti-saloon territory, the holding of an election pursuant to law upon that subject, the canvass of the votes and the result, so that it could be determined from the indictment itself that the town of DeKalb had become anti-saloon territory. Section 17 of the Act provides as follows: ''In all prosecutions under this Act, by indictment or otherwise, it shall not be necessary  *  *  *  *  to set forth the facts showing that the required number of legal voters petitioned for the submission to the voters of said proposition nor that a majority of the legal voters, voting upon said proposition, voted 'yes,' but it shall be sufficient to state in that regard that the act complained of took place in an anti-saloon territory or district.'' This objection is not well taken because the statute so provides.

It is also contended that the indictment is defective because it only said by way of recital, ''the said town of DeKalb then and there being anti-saloon territory,'' instead of averring directly ''which said town of DeKalb then and there was anti-saloon territory.'' We are of opinion that this objection is too technical for practical use. Where the language of the indictment is sufficient to inform the defendant with what crime he is charged and to enable the court to ascertain from an inspection thereof that it charges that the offense created by the statute has been committed, it is sufficient. Gallagher v. The People, 211 Ill. 158.

It is contended that the indictment is defective because it does not charge that Brown was not a druggist. Section 11 of the Act makes it unlawful to sell intoxicating liquor within anti-saloon territory. Section 12 provides the penalty for the sale of intoxicating

liquor within the limits of anti-saloon territory. Section 18 provides that the Act shall not be construed to prevent the sale of liquor for medicinal, mechanical, sacramental or chemical purposes only, not to be drunk upon the premises, by druggists to whom permits or licenses have been duly granted, so long as such druggist shall keep a record of such sales containing the information in that section specified, and shall keep such record open to the inspection of the police and all public officers during business hours. It is contended that the provisions of this section should have been negatived in the indictment. In Sokel v. The People, 212 Ill. 238, 245-6, and in the cases there cited, it is held that where an act is made criminal, with exceptions embraced in the enacting clause creating the offense so as to be descriptive of it, the People must allege and prove that the defendant is not within the exceptions, because where the exception is descriptive of the offense it must be negatived in order to charge the defendant with the offense; but that if the exception is in a subsequent clause, or is in the same clause but not incorporated within the enacting clause by any words of reference, it need not be negatived, but is a mere matter of defense, and that all that need be negatived is such exception as is descriptive of the offense. In that case the offense was the charge of bigamy under section 28 of the criminal code, which section contained a provision creating exceptions to the act, and yet it was held that those exceptions were not descriptive of the crime and did not need to be averred and proved to sustain a conviction. In this case the offense is created by sections 11 and 12, while the exception is contained in section 18. We are of opinion that the People were not required to allege or prove that plaintiff in error was not within the exception. Section 1 of the Act defines certain words and phrases, and defines anti-saloon territory as all the territory within the limits of any town, etc., "in which, through the action of the legal voters therein, as provided by the Act, the

sale of intoxicating liquor, except as herein provided, is prohibited.'' It is contended that because of this definition in section 1, it was necessary to negative the exception in section 18. We think this position not well taken.

Plaintiff in error entered a motion for a bill of particulars, and that application was denied. It is urged that this was error, on the strength of what was said by this court in Gilmore v. The People, 87 Ill. App. 128. Since that decision the Supreme Court has discussed the matter of bills of particulars in criminal cases in Du Bois v. The People, 200 Ill. 157; Gallagher v. The People, 211 Ill. 158; and People v. Smith, 239 Ill. 91, and has therein established the rule that the trial court has a wide legal discretion in granting or refusing to grant a bill of particulars, and that the refusal to grant a bill of particulars will not be ground of reversal unless some harm resulted to defendant by the refusal. In this case the names of the witnesses were on the back of the indictment, and the record furnishes no reason to suppose that the plaintiff in error was not fully advised of the acts relied upon by the People for a conviction. We hold that no reversible error was committed in this case by the refusal to grant the application.

At the trial, after twelve jurors had been called into the box and sworn to answer questions, plaintiff in error challenged the array, and offered documentary and oral proof in support of the challenge. Section 1 of chapter 78 of the Revised Statutes, relating to jurors, requires the county board of each county, at or before its September meeting in each year, or at any time thereafter when necessary, to make a list of not less than one-tenth of the legal voters of each town or precinct in the county, giving the place of residence of each name on the list, to be known as a jury list. Section 2 requires that at the meeting of the county board in September the board shall select from such list a number of persons equal to one hundred for each trial

term of the Circuit Court provided by law to be held during the succeeding year, to serve as petit jurors, a proportionate number to be chosen from the residents of each town or precinct. Section 7 requires a list of the jurors so selected to be kept in the office of the county clerk, who shall write the name and residence of each person selected upon a separate ticket, and put the whole into a box for that purpose. Section 8 provides for drawing from said box without partiality the names of a sufficient number of said persons, not less than thirty for each two weeks that such court will probably be in session for the trial of common law cases, to constitute petit jurors for that term. The record of the county board introduced in evidence by plaintiff in error seems to show a compliance with that statute in selecting the jury composing the panel at the time of the trial now before us. Plaintiff in error, however, called the county clerk as a witness and showed by him that in preparing the list from each town, which was done at his office, the names were arranged in alphabetical order, and that when he took the proportionate number of names to put in the box, he began at the head of each of these alphabetical lists. It was not shown but that the county clerk acted under the direction of the several supervisors and of the board in putting this list in alphabetical form, nor that anything that he did was not done by direction of the board whose clerk he was. If there was any irregularity in the course pursued, yet it does not appear that plaintiff in error was in any way prejudiced by the manner in which the jury was selected, nor that he exhausted his peremptory challenges in the impaneling of the jury, nor that he was not tried by a fair and impartial jury. He was tried by men whom the board of supervisors selected, and the proof shows that a proportionate number were taken from each town or precinct. Mere irregularity in the selection of a jury will not authorize a reversal, but it must further appear that the plaintiff in error was prejudiced thereby, and such prejudice will not be presumed, but must

be shown. Siebert v. People, 143 Ill. 571; Henry v. People, 198 Ill. 162; Wistrand v. People, 213 Ill. 72; and Hartshorn v. Illinois Valley Ry. Co., 216 Ill. 392. It does not appear that the plaintiff in error was prejudiced by the method pursued in the selection of the jury.

It is contended that the evidence is not sufficient to support a conviction. The proof concerned Blatz beer made by the Val Blatz Brewing Company. There was not much evidence that this was an intoxicating drink, although it would seem to be sufficient upon that subject that a witness testified concerning this beer that if a man drank it too much it would make him drunk. But it is alleged by the People and admitted by counsel for plaintiff in error in argument here that on the trial counsel for plaintiff in error admitted that his beer was intoxicating, and made this admission for the purposes of the trial. The main facts are these: Prior to the election which made the town of DeKalb anti-saloon territory, plaintiff in error had been a saloon-keeper selling the Blatz beer. As soon as the result of that vote was known, he went to the officers of this brewing company and asked what he should do. They furnished him with blank orders for beer and told him to take these to his former customers and let them fill out orders for beer and deliver them to him, and that he should mail these orders to the brewing company and it would ship the beer consigned to the customer, and he should receive the cases of beer at the depot and deliver them to the party giving the order and collect the pay therefor and remit the money to the brewing company, and that he should collect the empty cases after the beer had been drunk and return them to the brewing company, and that the brewing company would pay him five cents per case for delivering the beer and five cents for shipping it back. He did deliver such blanks to his customers, some of these blank orders being so delivered before the expiration of the thirty days intervening between the vote and the act going into effect in such town. After the act

went into effect in the town of DeKalb he did receive from his former customers residing in the town of De Kalb orders for beer so signed by them. He mailed the orders to the brewing company; he obtained the cases of beer at the depot; he delivered them to his various customers in said town pursuant to the orders; he collected and remitted the pay to the brewing company, and he collected the empty cases and shipped them back to the brewing company. Section 13 of the act concerning anti-saloon territory is as follows: "The giving away or delivery of any intoxicating liquor for the purpose of evading any provision of this Act, or the making of orders or the making of agreements, at or within any political subdivision or district while the same is anti-saloon territory, for the sale or delivery of any intoxicating liquor, or other shift or device to evade any provision of this Act, shall be held to be an unlawful selling." In our judgment the facts stated made a case against the defendant.

What is said above practically disposes of the main objections made to the action of the court upon the instructions. Plaintiff in error sought to make the case turn upon the question where the title to the liquor was, under City of Carthage v. Duvall, 202 Ill. 234, but we are of opinion that that case is not in point here. Section 12 of the act concerning anti-saloon territory makes every person liable who shall, either as principal, clerk or servant, directly or indirectly, sell any intoxicating liquor within anti-saloon territory, and plaintiff in error would be equally guilty if he acted as the agent or servant of the brewing company in taking his orders and delivering this beer and collecting and remitting the pay therefor, and under section 13 the delivery of intoxicating liquor for the purpose of evading the provisions of the act, and the taking of orders in anti-saloon territory for the sale of intoxicating liquor, each constitutes an unlawful selling. For like reason we are of opinion that People v. Young, 237 Ill. 196, does not apply. The place

where this brewing company received and filled the order for this beer is not shown to have been dry territory, and it may be that if it were indicted for selling and delivering beer in dry territory the case of People v. Young *supra,* might be in point on the proposition that what it did was in territory not alleged or shown to be dry. But the question here is not whether the brewing company has violated this statute, but whether plaintiff in error has done so. He took these orders in dry territory, received the beer and delivered it in dry territory and collected the pay in dry territory. All of his acts were in dry territory, and we fail to see that he is protected by the fact that what the brewing company did was in territory not alleged or proven to be dry. One of the instructions requested by plaintiff in error was drawn to submit to the jury the question whether the conduct of plaintiff in error was a shift or device, but said section 13 made his taking of these orders in anti-saloon territory an unlawful selling and the instruction was properly refused. One instruction requested by defendant and refused relating to the credibility of witnesses seems to have been in proper form, but there was practically no conflict in the testimony and it was not therefore reversible error to refuse this instruction.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*