The People of the State of Illinois, Defendant in Error, v. Frank Ferguson, Plaintiff in Error.

**Gen. No. 5,188.**

1. JURY TRIAL—*when jury in County Court properly formed.* *Held*, that the issuance of a special venire and the summoning of a jury by the County Court was in conformity with section 110 of the County Court Act.

2. JURY TRIAL—*when prejudice arising from failure to summon jury from body of county does not appear.* *Held*, that it did not appear from the affidavit made the basis of the contention that the jurors who had served were not summoned from the body of the county; also that it did not appear that they were prejudiced and that in view of the absence of such a showing and the failure to exercise peremptory challenges, that no reversal should be ordered.

Proceeding by information. Error to the County Court of Winnebago county; the Hon. LOUIS M. RECKHOW, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

B. A. KNIGHT, for plaintiff in error.

HARRY B. NORTH, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

An information was filed in the county court of Winnebago county against Frank Ferguson, charging him with the unlawful sale of intoxicating liquor in the town of Rockford when the same was anti-saloon

territory. The information averred when and how the town of Rockford became anti-saloon territory, and that Ferguson did not then have any permit or license to sell intoxicating liquor for medicinal, mechanical, sacramental or chemical purposes. Upon a trial he was found guilty. A motion for a new trial was denied and he was fined $100 and sentenced to the county jail for thirty days and ordered to stand committed till the fine and costs were paid. He has sued out this writ of error to review the judgment.

The jury which tried Ferguson was summoned by special venire. After they were called into the box and before they were examined Ferguson challenged the array. That challenge was heard and overruled. It is contended that he was not tried by a lawful jury. Section 110 of the county court act provides that, unless the court shall otherwise order, the jury for the law terms shall be drawn and summoned as provided for drawing juries in the Circuit Court; that when a jury is not thus summoned the court shall on the first day of the term call all the cases to ascertain whether a jury will be required; and that if a jury shall be demanded in any suit pending or by the state's attorney or defendant in any criminal suit, the court shall set such cases for trial and order a venire for twelve competent jurors and deliver the same to the sheriff, who shall summon such jurors from the body of the county. The November term, 1908, of the county court of Winnebago county began on the second Monday, which was November 9th. The offense charged in this case was not committed until November 24th, and the information was filed November 25th. Therefore the provisions above recited as to what should be done before or on the first day of the term could not apply to this case. There is nothing in this record to show but that a jury may have been drawn in the manner provided for drawing and summoning jurors in the Circuit Court. There is nothing in this record to show but that the court may, on the first day of the term, have called all the cases for trial and may have

ordered a special venire for the trial of cases and such venire may have been issued and served and jury trials had and the jury discharged before this offense was committed. If necessary to sustain the action of the court we must assume, in the absence of any showing on that subject in the record, that one or the other of these courses had been taken before this information was filed. The next term of the county court would be held in the following March. Ferguson did not assert that the court had no power to try him till March nor did he ask for a continuance. So far as we can know he might not have been able to get bail and might have been compelled to remain in jail till March if he had not been tried at the November term. The spirit of the statute was fully observed. Under the section above referred to he had no vested right to have a jury drawn before the term as is done in the Circuit Court. If this information had been filed before the term began all that he would have been entitled to under the statute referred to was to have his case called for trial on the first day and have a venire issued for twelve competent jurors. His case could not be called on the first day because it was not yet in court nor the crime committed. A venire was issued in all other respects in exact conformity with the statute. If he conceived that he was entitled to a continuance he should have asked for it. The venire was issued on December 21st, returnable on December 22nd, and we are of opinion that a venire was properly ordered at that time.

It is further contended that the jury was not drawn from the body of the county as required by law and by the writ and that Ferguson was prejudiced thereby. This contention was supported by his affidavit that he is a negro and that he had resided in Rockford for several years and had had differences which involved him in police court matters and that this case had been given extended notice in the local newspapers and that the people of Rockford and immediate vicinity were prejudiced against him; that this panel was made

up almost entirely of persons living either in Rockford or in close proximity thereto where said newspapers circulate; that he believed that he could not have as fair a trial as if the jurors had been drawn from the body of the county removed from such prejudice. The affidavit did not state how many of the jurors lived in Rockford or near there and how many lived elsewhere. The examination of the jurors is not set out in the record so that we can see whether they in fact had read the newspaper accounts referred to or were in any way prejudiced against Ferguson. The record showed that he exercised no challenges, either peremptory or for cause, but accepted all the jurors who had been summoned by the sheriff. Under such circumstances it is obvious that he cannot claim that he was prejudiced by the course pursued, and therefore even if the manner of choosing the jury was in any respect irregular, the irregularity would not be ground for reversal, under Siebert v. People, 143 Ill. 571.

It is contended that the evidence does not support the conviction. The proof introduced for the People was as follows: Ferguson was a barber. Three boys went towards his shop in the evening; one stopped on an adjacent corner and the other two went into the shop, and one of these testified that their purpose in going there was to get whiskey. They sat some time in the shop and had some talk with Ferguson which they did not reveal, they being obviously witnesses hostile to the prosecution, as the prosecution was instituted by the step-father of one of the boys after he had found a bottle of whiskey in the boy's trunk. There had been some small financial dealings between Ferguson and one of these boys, and he said to the boy "When are you going to pay me that money?" The boy handed Ferguson one dollar and asked if he could not get him some whiskey. Ferguson thereupon complained of his stomach, whereat all the people in the shop laughed. He left a customer with a towel around his neck, went into a back room and put on his

overcoat, went out of the shop and bought a bottle of whiskey, came back through the shop and into the back room and put the bottle of whiskey on a shelf, after possibly drinking a little out of it. He then returned to his customer and went on with his work. The boy who had given Ferguson the money went into the back room, got the bottle and then left the shop, and the three boys then went to the room of one of them. They there found the step-father, and two of the boys went away and returned and then the step-father left. Two of the boys then drank a part of the whiskey, and one of them testified that it was intoxicating. In direct examination the boy who paid the money testified that fifty cents of it was intended for whiskey. His account of the matter on cross-examination did not wholly agree with the direct examination. He appeared to desire to shield Ferguson so far as he could under the questions of the latter's attorney. Ferguson testified denying that he agreed to buy the whiskey for the boys, or that this money was for whiskey, or that he knew that one of the boys took the bottle till later in the evening. This proof raised a question of fact for the jury. If the jury took one view of the evidence, Ferguson's talk about the pain in his stomach was designed to furnish an apparent excuse for his going for the whiskey; the money was designed, in part at least, to pay for whiskey; and he put the bottle on the shelf in order that the boy might get it. If the jury took the other view of the evidence Ferguson bought the whiskey for his own use, and the boy took it without his knowledge or consent. The boys had no other errand at the barber shop, and the jocularity which prevailed there, and which we have not fully stated, tended to show a secret understanding of the meaning of what was said and done. The trial judge saw the witnesses and approved the verdict. We do not feel authorized to disturb it on the facts.

The instructions given for the People were based upon the statute, and we do not find any reversible

errors in them. The instruction marked "a", requested by Ferguson and refused, omitted the idea that the presumption must be "reasonably" compatible with the evidence, and the correct rule was embodied in the first instruction given at his request. The jury were fully instructed for the defendant.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*