### The People of the State of Illinois, Defendant in Error, v. C. Albert Johnson, Plaintiff in Error.

#### Gen. No. 5,148.

1. INSTRUCTIONS—*when should be accurate.* In a criminal case where the evidence is conflicting and the issue of fact in doubt, the instructions should be accurate.

2. INSTRUCTIONS—*must not assume facts in dispute.* In a close case an instruction which assumes the existence of a fact in dispute, is ground for reversal.

Prosecution for unlawful sale of liquor. Error to the Circuit Court of Winnebago county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the April term, 1909. Reversed and remanded. Opinion filed October 19, 1909.

J. E. GOEMBEL, for plaintiff in error; WALTER E. HEALY, of counsel.

HARRY B. NORTH and CHARLES W. FERGUSON, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The grand jury of Winnebago county returned an indictment consisting of twenty-six counts against C. Albert Johnson, plaintiff in error, and one Albin A. Johnson, charging that the defendants had unlawfully sold intoxicating liquor in the town of Rockford, in Winnebago county, while the town of Rockford was

anti-saloon territory. On a trial before a jury the defendant, C. Albert Johnson, was found guilty upon the second and third counts and Albin A. Johnson was acquitted. After the usual motions judgment was rendered upon the verdict assessing against C. Albert Johnson a fine of $100 and that he be committed to the county jail for twenty days on the second count, and that he pay a fine of $50 upon the third count. From that judgment C. Albert Johnson prosecutes this writ of error.

The second count alleges a sale of liquor was made on the 22d of December and the third count alleges a sale on the 23d of December. The counts under which both the defendants were acquitted allege sales at various times by the defendants from December 20, 1908, to January 9, 1909, in the town of Rockford, while said town was anti-saloon territory.

The evidence upon which the plaintiff in error was convicted was given by Henry Hebert and E. Bringmann, two detectives who live in Chicago and are employed by the United States Detective Agency. These detectives were engaged by parties residing in Rockford to come there to procure evidence against the defendants and to try to procure their conviction, and were paid by the president of a "Law and Order League" a certain amount per week and their expenses. These witnesses both testified that they bought lager beer in a place of business run by the defendants on Seventh street in the town of Rockford, from one Henry Johnson and Albin A. Johnson. Bringmann testified that C. Albert Johnson was present on December 22 and December 23 during the day time when he bought lager beer in the Johnson place of business.

On the other hand the evidence of Henry Johnson, C. Albert Johnson and Albin A. Johnson is that there was neither whiskey or lager beer in Johnson's place of business and that no lager beer or whiskey was sold there to any party, and that C. Albert Johnson was not there from December 21 to December 24, but that he was in Freeport every day from seven o'clock in the

morning until between six and seven o'clock in the evening. C. Albert Johnson also testified that he never saw Bringmann before the day of the trial.

In this state of the evidence it was very important that the instructions should be accurate and not assume any fact material to be proved. The third instruction given on behalf of the People is as follows:

"The court instructs the jury that each sale of intoxicating liquor proven beyond a reasonable doubt from the evidence in this case against the defendant, or defendants, constitutes a separate violation as to such defendant or defendants, and the jury should so find by their verdict, providing the whole number of counts shall not exceed the number of counts in the indictment."

This instruction assumes that sales of intoxicating liquor have been proven beyond a reasonable doubt. When the evidence is as close as it was in this case jurymen are very liable to watch very closely for some intimation from the court as to what the opinion of the court may be. This instruction was very liable to be taken by the jury as an intimation that the defendant or defendants were guilty. The word "count" was also used in the place of "sale," otherwise the last phrase of the instruction is without meaning.

Because of the giving of the third instruction the judgment is reversed and the cause remanded.

*Reversed and remanded.*