DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1910.

---

## The People of the State of Illinois, Defendant in Error, v. Oscar Peterson, Plaintiff in Error.

### Gen. No. 5147.

1. JURORS—*when talesmen may be called to complete panel.* If less than twelve of the jurors upon the regular panel are in attendance, it is proper for the court to order talesmen called into the box to fill the panel.

2. JURORS—*when irregularity in selection will not reverse.* An irregularity in the selection of the jurors does not require the reversal of the judgment founded on their verdict, unless it appears that the complaining party has been in some way prejudiced.

3. DRAM-SHOP ACT—*what violation of statute prohibiting selling of intoxicating liquors in anti-saloon territory.* The taking of orders for intoxicating liquors within anti-saloon territory is a violation of the statute prohibiting the sale of intoxicating liquors in such territory.

4. EVIDENCE—*when parol evidence of license competent.* Proof of a license may be made by the oral testimony of an officer to whom such license was shown by the defendant upon request made at his place of business.

5. INSTRUCTIONS—*when slight errors will not reverse.* Slight errors in instructions will not reverse if the judgment rendered is just.

Prosecution for unlawful sale of liquor. Error to the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, pre-

(480)

siding.  Heard in this court·at the April term, 1909.  Affirmed. Opinion filed October 19, 1909.  Opinion modified and refiled, and rehearing denied April 13, 1910.

J. E. GOEMBEL and JOHNSON & JOHNSON, for plaintiff in error; WALTER E. HEALY, of counsel.

HARRY B. NORTH and CHARLES W. FERGUSON, for defendant· in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Oscar Peterson, plaintiff in error, was convicted in the court below under the 1st and 17th counts of an indictment which charged him with the unlawful sale of intoxicating liquor within the town of Rockford while the same was anti-saloon territory, he not then and there having a permit or license to sell intoxicating liquor for medicinal, mechanical, sacramental or chemical purposes, the indictment being under the act of 1907 concerning anti-saloon territory.  Plaintiff in error was sentenced to pay a fine of $100 and to be confined twenty days in the county jail under the 1st count, and to pay a fine of $50 under the 17th count and was ordered to stand committed till the fine and costs were paid.  This is a writ of error to review said judgment.  Some of the questions presented by plaintiff in error have been discussed in People v. Brown, 150 Ill. App. 365, and we need not here repeat what was there said.

When the jury was called into the box the trial of this case, only nine jurors responded, the others being absent from the court house so that they could not be brought in without an adjournment of the court. It is implied that twelve jurors were out considering another case.  The court ordered three talesmen called into the box to fill up the panel of twelve for ·the trial of this case, and the jury box was so filled.  Plaintiff in error objected to this course and insisted that twelve jurors from the regular panel must be in the box be-

fore plaintiff in error was required to go to trial. This objection was overruled and plaintiff in error excepted. Section 13 of chapter 78 of the Revised Statutes, relating to jurors, provides that when, by reason of the absence of any juror for any cause, the regular panel is exhausted, the court may direct the sheriff to summon a sufficient number of persons having the qualifications of jurors to fill the panel for the pending trial. This authorizes the course here pursued. Moreover, it does not appear that plaintiff in error exhausted his peremptory challenges or that he was in any way harmed by the course pursued. An irregularity in the selection of jurors does not require the reversal of a judgment founded on their verdict, unless it appears that the defendant has been in some way prejudiced. Siebert v. People, 143 Ill. 571.

The evidence showed that the town of Rockford became anti-saloon territory as the result of an election held on April 7, 1908. After the anti-saloon territory act became operative in the town of Rockford, plaintiff in error had a place of business, and various witnesses came there for beer and signed beer cards or orders which he procured for them to sign. Some of the witnesses knew that the order was addressed to Franz Brothers Brewing Company of Freeport. Others did not know what the order contained, except that it was "a steady order for beer." Within a day or two after plaintiff in error received such an order, he delivered beer in cases to the customer in the town of Rockford. The beer, some of it at least, came in cases shipped from Franz Brothers Brewing Company of Freeport and addressed to the customer in care of plaintiff in error. Plaintiff in error received and delivered the beer and on the 15th of each month collected the pay therefor. It was proven that this was lager beer and that it was intoxicating. Plaintiff in error contends that under the authority of City of Carthage v. Duvall, 202 Ill. 236, and People v. Young, 237 Ill. 196, the title to this beer passed to the customer in Freeport, and that as Freeport was not charged or

proven to be dry territory, no conviction can be had. The question here is not whether the Franz Brothers Brewing Company sold intoxicating liquor in dry territory, but whether plaintiff in error did any of the acts which, under sections 12 and 13 of the act in relation to anti-saloon territory, would make him guilty of an unlawful selling of intoxicating liquor in dry territory. Among the acts which the statute declares to be such an unlawful selling is the taking of orders for the sale or delivery of intoxicating liquor within anti-saloon territory. It is clear that the plaintiff in error took such orders in dry territory, filled the orders in dry territory, carried the accounts himself, and collected the pay therefor in dry territory. As to some of the orders which plaintiff in error so took and filled, the persons ordering and receiving the beer in dry territory knew no one in the transaction except plaintiff in error. We conclude that the principles laid down in the cases cited do not apply to the facts of this case, so far as the question of the guilt of plaintiff in error is concerned, and that this proof warranted his conviction.

Oral proof was admitted of the contents of a record in the office of the collector of internal revenue in Chicago, or rather, what may be called an examined copy thereof was admitted in evidence, tending to show that O. W. Peterson, whose place of business was 1301 Fourteenth avenue, Rockford, paid a tax as retail malt liquor dealer on October 1, 1908, and that said record, under the heading "Serial No. of stamp," had the figures "9005." It was also proved orally that plaintiff in error was also known as O. W. Peterson; that his place of business was 1301 Fourteenth avenue, Rockford; that a police officer asked plaintiff in error to see his government license, and that plaintiff in error produced and showed to the officer what the latter called a revenue tax sheet, which bore the stamp number 9005, and which ran from October 1, 1908, to June 30, 1909, and which showed the payment of the same amount of tax as the examined copy aforesaid. This

oral testimony of what plaintiff in error showed the officer in answer to his request was competent because plaintiff in error had it in his possession at his place of business and exhibited it to the officer in answer to the call of the latter for plaintiff in error's government license, and also for the reasons stated in Com. v. Brown, 124 Mass. 318. The issuance of the license was therefore proved.

The people's instructions were generally drawn upon the statute, and while some times broader than was required to cover the proof in this particular case, yet we do not regard them as on that account erroneous or misleading when all the instructions given are considered as a series, except that the sixth instruction, given at the request of the people is capable of the interpretation that sales of intoxicating liquor by plaintiff in error had been proven beyond a reasonable doubt. But as the evidence for the people is clear and convincing and is not contradicted, and as the instructions given at the request of plaintiff in error very strongly stated his right to have his guilt proved beyond all reasonable doubt before he could be convicted, we are of opinion that the giving of said sixth instruction should not be considered as reversible error.

It is contended that one of the attorneys for the people made improper remarks to the jury in his argument after the close of the proofs, tending to call attention to the fact that plaintiff in error had not testified. The only language calculated to call attention to that fact was used by the court in seeking to restrain counsel for the people within proper limits, and no complaint is made here or was made in the court below as to the language used by the court. We do not think that the language used by counsel for the people was calculated to bring to the attention of the jury the fact that plaintiff in error had not testified.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*