## The People of the State of Illinois, Defendant in Error, v. George Walker, Plaintiff in Error.

### Gen. No. 5234.

1. ELECTIONS—*when certificate sufficient to show territory as anti-saloon.* *Held,* that the certificate in question in this case which stated the votes cast for and against the proposition, "Shall this town become anti-saloon territory?" and which showed the majority in the affirmative on the proposition, was sufficient without such certificate stating that the votes referred to were legal votes.

2. DRAM-SHOPS—*when refusal to grant bill of particulars not*

*reversible error. Held,* in a prosecution for the unlawful selling of intoxicating liquor in anti-saloon territory that the refusal of the court to order the People to supply a bill of particulars was not reversible error.

3. INSTRUCTIONS—*when in prosecution for unlawfully selling intoxicating liquor in anti-saloon territory, ground for reversal.* In such a prosecution an instruction will reverse which assumes that sales of intoxicating liquor by the defendant had been proven beyond a reasonable doubt.

Prosecution for unlawful sale of intoxicating liquor. Error to the County Court of Winnebago county; the Hon. LOUIS M. RECKHOW, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed March 11, 1910.

J. E. GOEMBEL, for plaintiff in error; WALTER E. HEALY, of counsel.

HARRY B. NORTH, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Plaintiff in error was convicted in the County Court upon the fourth count of an information charging him with unlawfully selling intoxicating liquor in the town of Rockford, in Winnebago county, while said town was anti-saloon territory. He was sentenced to pay a fine of $100 and the costs and to imprisonment in the county jail for 20 days. He has sued out this writ of error to review said judgment.

The making of the town of Rockford anti-saloon territory, under the act of 1907, concerning anti-saloon territory, was proved by a record containing the certificate of the officers who canvassed the election, which stated the meeting of the canvassing board and the canvassing of the returns of the election; that there were 4807 votes cast for and 4651 votes cast against the proposition "Shall this town become anti-saloon territory," and that the number of votes polled for that proposition showed a majority of 156 votes in the affirmative. It is contended that this record should

have stated that these were legal votes and that so many voted "Yes" and so many voted "No." We are of opinion that the canvassing officers in making this certificate were not required to copy the official ballot, and that they did not attempt to do so, and that this certificate sufficiently shows the adoption of the proposition submitted. It will be presumed here that the votes cast were legal votes, and the contrary could only be shown in a direct proceeding to contest the election.

It is argued that the court erred in refusing the application of plaintiff in error for a bill of particulars. We hold that no reversible error was committed in that respect, for the reason stated by us in People v. Brown, 150 Ill. App. 365. To the authorities there cited may be added People v. Poindexter, 243 Ill. 68, and People v. Weil, 243 Ill. 208.

We are not satisfied that this conviction ought to stand upon the proofs. The local witnesses called by the prosecution denied that they had purchased any intoxicating liquor at the place of business of plaintiff in error. A detective, hired to find proof of the guilt of plaintiff in error, testified that on one occasion he bought three bottles of lager beer for ten cents of plaintiff in error at his place of business, and that on the following morning he bought whiskey of one Johnson, at the same place. Plaintiff in error denied that he sold lager beer to said detective at the time named. Johnson was not produced, but a man who was cleaning on the second morning when the detective claimed to have bought whiskey of Johnson, testified that the detective asked Johnson for a short ginger ale and was served, and made a remark which indicated that he did not get intoxicating liquor. The detective did not deny making this remark.

The People introduced a paper and sought to prove that it was an examined copy of a record in the office of the collector of internal revenue in Chicago, showing that S. G. Walker, of 107 Kishwaukee Street, Rock-

ford, had paid a special tax as retail liquor dealer in August, 1908, and that the serial number of his stamp was 94,237. The evidence that this was an examined copy of a record in said office is unsatisfactory. The prosecution called two police officers, who together entered the place of business of plaintiff in error and asked him if he had a government license and he said he did and that it was hanging on the wall. They asked him to take it down and he refused. They could not read it. After much pressure, one of them testified that it was a government license, but he had not been able to read a word of it, and he therefore could not know that it was a government license. If the only special tax stamp issued by the United States was for the sale of liquor, the statement by the plaintiff in error that he had a government license might be properly treated as an admission that he had such a stamp as a retail liquor dealer. But the United States issues other special tax stamps and receipts besides those for the sale of liquor. For all that we can know, this may have pertained to the sale of tobacco and cigars, in which plaintiff in error dealt, or to some other business for which a special stamp tax is required to be paid under the United States Revenue laws. There is therefore very little competent evidence to justify the conviction.

In this unsatisfactory state of the evidence, the court gave the fourth instruction requested by the People, which was substantially the same instruction for which we reversed People v. Johnson, 150 Ill. App. 424. This instruction clearly assumed that sales of intoxicating liquor by plaintiff in error had been proven beyond a reasonable doubt.

Where the evidence is so unsatisfactory as in this case, we are of opinion that the giving of such an instruction must be considered reversible error. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*