## The People of the State of Illinois, Defendant in Error, v. George W. Foreman, Plaintiff in Error.

### Gen. No. 5455.

1. EVIDENCE—*when interlineations do not affect competency.* Interlineations in an official certificate if satisfactorily explained will not affect the competency of such certificate.

2. DRAM-SHOPS—*when internal revenue special tax stamp proper.* In a prosecution for selling liquor in anti-saloon territory an internal revenue special tax stamp is competent, notwithstanding it contains no statement that it sets forth all that is shown by the record in the office of the internal revenue collector.

Prosecution for unlawful sale of intoxicating liquor. Error to the County Court of Lake county; the Hon. DEWITT L. JONES, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

GEORGE W. FIELD, for plaintiff in error.

RALPH J. DADY, for defendant in error; HOWARD P. CASTLE, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is a prosecution by information in the name of the People against George W. Foreman for the violation of an act entitled, "An Act to provide for the creation by popular vote of anti-saloon territory, within which the sale of intoxicating liquor and the licensing of such sale shall be prohibited." He pleaded not guilty. On a trial the jury found him guilty. A motion for a new trial was denied. He was sentenced to 30 days' imprisonment in the county jail and adjudged to pay a fine of $75 and costs. This writ of error was sued out to review the judgment.

The village of Barrington lies partly in Cook and partly in Lake counties. Proof was made that the village had adopted the Anti-Saloon Territory Act; that

before the village adopted the act plaintiff in error conducted a saloon in that portion of the village situated in Lake county; that at the time of the filing of the information he occupied the same building, which contained a front and back bar, an ice box, cigar case, several tables, and a pool table; that he had an internal revenue special tax stamp or receipt issued by the U. S. for retailing liquors in Barrington. One E. M. Baker testified for the People that on the first six days of July, 1910, he bought beer and whiskey in large quantities in said building of plaintiff in error, his wife, his son and one Isaac Fox; that the liquors were intoxicating; that he drank some and took some away. Plaintiff in error denied that he sold Baker any intoxicating liquors, and stated that the internal revenue special tax stamp or receipt was to permit him to sell intoxicating liquors at a place outside the village limits; but he did not call his son or Fox to deny Baker's testimony. The evidence proves beyond all reasonable doubt that plaintiff in error sold liquors in his place of business in the village of Barrington, and that said village was anti-saloon territory, and that the liquors were intoxicating within the meaning of the statute. No intelligent, fair-minded jury could have found otherwise.

It is contended that the court erred in admitting the certificate of the clerk of the village of Barrington, showing that the village had adopted the Anti-Saloon Territory Act, on the ground that it had been interlined so as to alter it materially. The certificate did show on its face some interlineations, but the assistant state's attorney, for the purpose of explaining the apparent interlineations, examined the certificate and testified that its condition was the same as before it was signed and the seal affixed by the clerk. His evidence was not contradicted and the certificate was competent evidence.

No authorities are cited in support of plaintiff in error's contention that the court erred in not excluding

from the consideration of the jury, on his motion, the internal revenue special tax stamp or receipt. It was admitted without objection. Counsel admits that it was *prima facie* evidence of the unlawful sale of intoxicating liquor, but urges that it should have been excluded because it was not the best evidence of the sale of liquor, as it states the place of business as Barrington, and nowhere states that it contains all that is shown by the record remaining in the office of the internal revenue collector, as it might there appear that Barrington was plaintiff in error's post office address only. There was no error in denying the motion. People v. Joyce, 154 Ill. App. 13.

We find no reversible error in the record, and the judgment is therefore affirmed.

*Affirmed.*