CLARENCE WHITE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed April 17, 1899.*

1. INDICTMENT—*indictment for attempt to commit a burglary—when sufficient.* An indictment for an attempt to commit burglary, which states the offense in the language and terms of paragraph 273 of the Criminal Code, (Rev. Stat. 1874, p. 303,) and describes the overt act to be that accused "did then and there attempt to push back the lock on the door of the said dwelling house," is sufficiently plain in its description of the offense.

2. INSTRUCTIONS—*not error to give instructions defining an offense in language of statute.*   On a trial for attempt to commit burglary it is not error to give instructions for the People defining the offense of burglary as stated in section 36 of the Criminal Code and defining an attempt to commit an offense in the language of paragraph 273 of such code.

3. EVIDENCE—*when conviction of attempt at burglary will be sustained.* A conviction of attempt to commit burglary will not be set aside as unwarranted by the circumstances proven, consisting of sus-picious conduct and false statements of the accused when arrested, coupled with the finding of a case-knife in his possession with a piece broken off, and of a piece fitting the break wedged between the stop and door jamb of the house attempted to be burglarized.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. A. N. WATERMAN, Judge, presiding.

SAMUEL H. TRUDE, for plaintiff in error.

EDWARD C. AKIN, Attorney General, and CHARLES S. DENEEN, State's Attorney, (C. A. HILL, B. D. MONROE, and FRANK CROWE, of counsel,) for the People.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Clarence White, the plaintiff in error, and Frank Ryan, were jointly indicted by the grand jury of the criminal court of Cook county, at the November term, 1898, for an attempt to commit burglary.   White was convicted and sentenced to the penitentiary, and has sued out this writ of error, and assigns several errors on the record for a reversal of the judgment.

Section 36 of the Criminal Code (Rev. Stat. p. 357,) defines burglary as follows: "Whoever in the night time willfully and maliciously and forcibly breaks and enters, or willfully and maliciously, without force, (the doors or windows being open,) enters into any dwelling house * * * or any other building with intent to commit murder, robbery, rape, mayhem, larceny or other felony, shall be deemed guilty of burglary, and be imprisoned in the penitentiary for a term not less than one year nor more than twenty years."

*First*—The indictment in this case for an attempt to commit burglary was based on paragraph 273 of the Criminal Code, which reads as follows: "Whoever attempts to commit any offense prohibited by law, and does any act towards it but fails, or is intercepted or prevented in its execution, where no express provision is made by law for the punishment of such attempt, shall be punished, when the offense thus attempted is a felony, by imprisonment in the penitentiary not less than one nor more than five years." The indictment consisted of one count, and is as follows:

"STATE OF ILLINOIS, } *ss.*
    *County of Cook.* }

"Of the November term of the criminal court of Cook county, in said county and State, in the year of our Lord one thousand eight hundred and ninety-eight.

"The grand jurors chosen, selected and sworn in and for the county of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that Frank Ryan and Clarence White, late of the county of Cook, on the first day of November, in the year of our Lord one thousand eight hundred and ninety-eight, in said county of Cook, in the State of Illinois aforesaid, did unlawfully, willfully, maliciously and feloniously attempt to break and enter a certain building, to-wit, the dwelling house of Cyrus B. McDonald, there situate, with intent the personal goods, chattels, money and property of the said Cyrus B. McDonald in the said certain building, to-wit, dwelling house, then and there being, then and there feloniously and burglariously to steal, take and carry away, that being an offense prohibited by law, and in such attempt did then and there do a certain overt act towards the commission of said offense, to-wit, did then and there attempt to push back the lock on the door of said dwelling house, to the end that they, the said Frank Ryan and said Clarence White, might then and there feloniously

and burglariously enter said dwelling house, and that the said Frank Ryan and said Clarence White then and there did fail in the perpetration of said offense and were intercepted and prevented in the execution of the same, contrary to the statute and against the peace and dignity of the same People of the State of Illinois."

A motion to quash the indictment was interposed on behalf of the defendants and was overruled, and error is assigned by plaintiff in error for overruling this motion. A motion was made by defendant White for a bill of particulars. The trial court in its discretion allowed the motion. The motion to quash was based upon the ground that the indictment did not so allege and set out the offense as to advise the defendant of the nature and cause of the accusation against him, or, in other words, did not sufficiently particularize the acts or manner in which the attempt to commit the burglary was made. An indictment for a statutory offense is sufficient if it sets forth the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury. Paragraph 408 of the Criminal Code, (Rev. Stat. p. 408,) provides as follows: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury." The indictment in this case answers the requirements of the foregoing statute. It states the offense in the terms and language of paragraph 273, *supra*, of the Criminal Code, and describes an overt act, to-wit, "did then and there attempt to push back the lock on the door of the said dwelling house." This court has held in numerous cases that an indictment in the language of the statute is sufficient. *Morton* v. *People*, 47 Ill. 468; *McCutcheon* v. *People*, 69 id. 601; *Lyons* v. *People*, 68 id. 271; *Warriner* v.

*People,* 74 id. 346; *Cole* v. *People,* 84 id. 216; *Fuller* v. *People,* 92 id. 182; *Seacord* v. *People,* 121 id. 623; *Maxwell* v. *People,* 158 id. 248.

In *Cannady* v. *People,* 17 Ill. 158, this court said: "Where statutes create offenses, indictments should contain proper and sufficient averments to show a violation of the law. * * * These great niceties and strictness in pleading should only be countenanced and supported when it is apparent that the defendant may be surprised on the trial or unable to meet the charge or make preparation for his defense for want of greater certainty or particularity in the charge. Beyond this, it tends more to the evasion than the investigation of the charge, and becomes rather a means of escaping punishment for crime than of defense against the accusation."

That it is not necessary to describe in the indictment the particular manner in which the attempt was made was decided in the case of *People* v. *Bush,* 4 Hill, 133. There the indictment was for an attempt to commit arson. The statute of New York is almost identical with the statute of Illinois. The court said: "The 2 R. S. N.Y. 583, (2d ed.) sec. 3, is, that 'every person who shall *attempt to commit* an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof shall, in cases where no provision is made by law for the punishment of such attempt, be punished as follows,' etc. An attempt, as charged in either of the first three counts, would subject the prisoner to punishment in the State prison. If the offense proved be not within the statute, but confined to the fourth count, it is a mere misdemeanor. (1 Russell on Crimes, 49 Am. ed. of 1836.) An attempt in any form to commit an offense is within the statute, *and the particular manner in which the attempt was made need not be pointed out in the indictment.*" This decision is in harmony with the views hereinbefore

expressed, and sustains the sufficiency of the indictment in the case at bar.

*Second*—It is urged that the second of the People's instructions is erroneous because it does not define the particular felony the defendants intended to commit. The charge in the indictment was an attempt to commit burglary, which the jury were expressly told by the People's sixth instruction was a felony under the statute and the charge in the indictment, and, taken in connection with the facts and circumstances in evidence, the jury could not have been misled as to the felony defendants intended to commit. Besides, the latter clause of the second instruction of plaintiff in error (defendant) is as follows: "Neither of the defendants is on trial for shooting anybody, and neither can in this trial be convicted of an assault or attempt to kill. Each is on trial charged with an attempt to commit burglary, and for nothing else." These instructions are to be taken as a series, and show that the jury were fully instructed on this question and could not have been misled.

The objection to the fifth of the People's instructions, that "it is abstract and not based upon the evidence," is not tenable. The instruction is in the language of the statute, (Crim. Code, par. 273,) which defines "an attempt to commit an offense," and is the section of the statute upon which the indictment was drawn, and there was no error in giving it.

The same objection is made against the eleventh instruction for the People—that "it was abstract." This instruction is in the language of section 36, *supra*, of the Criminal Code, which defines burglary, and was proper, in connection with the other instructions, to inform the jury what constituted burglary, and to enable them to intelligently determine what overt acts would constitute "an attempt to commit burglary."

We have examined the refused instructions of plaintiff in error and find that the trial court committed no

error in refusing them. Ten instructions were given on the part of plaintiff in error, which fairly presented the law applicable to the defense.

Considering all the circumstances proven—the conduct of plaintiff in error when arrested; the false statements made; the possession of the case-knife, broken off at the point, found in one of his pockets; the finding of a piece of the case-knife about one inch in length wedged between the stop and the door jamb opposite the lock on the door of the dwelling house attempted to be burglarized, and the fact that the piece of said knife exactly fitted the knife found on and taken from the plaintiff in error,—we are satisfied that the verdict is warranted by the law and the evidence, and there is not sufficient error for disturbing it.

The judgment is affirmed. *Judgment affirmed.*