## Richard C. Gunning v. The People, etc.

1. BRIBERY—*Of Town Assessor.*—In order to charge an assessor of a town with the crime of proposing to receive a bribe to reduce an assessment, it is necessary that the indictment should allege that the property upon which the assessment is proposed to be reduced is within the town for which he is the assessor.

2. JUDICIAL NOTICE—*Of Towns in a County.*—It is a matter of judicial cognizance that both the original town of Chicago and the town of South Chicago are situated in Cook county, and judicial notice may also be taken by the boundaries of each one of such towns, created, as they were, by acts of the legislature of the State.

3. SAME—*Situation of Lots and Blocks in a Town.*—A court may take judicial notice that an alleged lot and block are situated within that part of the original town of Chicago which is within the south town, and not in either the north or west town of Chicago.

4. INDICTMENT—*Allegations of Intent.*—If a statute creating an offense is silent concerning the intent, there need be no intent alleged in an indictment for an offense under it.

5. INTENT—*In Criminal Acts.*—Where an act is criminal in its very nature, it is *prima facie* evil in intent, and the intent need not be alleged unless the law has made it affirmatively or descriptively an element in the offense.

Error to the Criminal Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed January 30, 1900.

EDWARD H. MORRIS, attorney for plaintiff in error.

CHARLES S. DENEEN, State's Attorney, for defendant in error; WILLARD M. McEWEN, Assistant State's Attorney, of counsel.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The plaintiff in error was indicted, tried and convicted, and a fine of $3,500 was imposed upon him, and this writ of error to review the proceedings against him has been sued out.

The indictment, shortly stated, charges the plaintiff in error with having corruptly solicited a bribe to influence his official action, as assessor of the town of South Chicago, in the matter of reducing the assessment, for the year 1897, upon the following described real estate, to wit:

"Lot one of the assessor's re-subdivision of sub-lots one to five of the assessor's division of lots one to five, in block fifty-eight, of the original town of Chicago, together with the building thereon, commonly known as the Reliance building, and the other improvements, all in said county of Cook, in the State of Illinois aforesaid."

There are numerous counts in the indictment, but the description of the property is the same in all, with an addition in some of them as to its ownership.

Appropriate motions and exceptions were made and preserved in the trial court to require a consideration by us of all questions we shall pass upon.

The facts, as charged in the indictment, that plaintiff in error was the assessor for said town of South Chicago, at the time alleged, is not controverted, nor that the statute provides for the punishment by fine not exceeding $5,000 for the offense charged, in case of conviction therefor.

The point that it is not shown by the allegations of the indictment that the property, concerning which it is alleged the plaintiff in error proposed to accept a bribe to influence his official action, is situated within the town of South Chicago, has been urged upon us with much ability and persuasiveness, and has caused us considerable hesitation.

It must be admitted, and counsel for the people do substantially concede, that in order to charge an assessor of the town of South Chicago with the crime of proposing to receive a bribe to reduce an assessment, it is necessary that the indictment should allege that the property upon which the assessment is proposed to be reduced is within the town of South Chicago.

The indictment locates the particular property in " Block fifty-eight of the original town of Chicago," in the county of Cook.

Unquestionably it is a matter of judicial cognizance that both the original town of Chicago and the town of South Chicago are situated in Cook county, and judicial notice may also be taken of the boundaries of each one of such towns, created, as they were, by acts of the legislature of the State. Judicial notice may also be taken of the boundaries of the various other towns under township organization in Cook county, and we are bound to know, therefore, that the original town of Chicago includes parts of the, at present, three distinct towns of South Chicago, North Chicago and West Chicago, and, with nothing else to aid the indictment, the alleged lot and block may as well be situated in the north or west town as in the south town. ·

Whether we may go further and take judicial notice that the alleged lot and block are located within that part of the original town which is within the south town, and not in either the north or west town, is the question.

It is said, in 1 Greenleaf on Evidence (13th Ed.), on page 10, that " courts will generally take notice of whatever ought to be generally known within the limits of their jurisdiction," and, in note 5 on the same page, it is said :

" There is not much consistency in the cases, and possibly this may result from the fact that different judges may assume that what is or is not known to them is or is not generally known."

It is said in Harmon v. City of Chicago, 110 Ill. 400 (on page 413), that the court " may, of its own motion, take judicial notice of what is generally known " with reference to the proximity of the bituminous coal fields of the State to the city of Chicago, and of the use that is made of soft coal in the manufacturing industries of that city. And again, in the comparatively recent case of Sever v. Lyons, 170 Ill. 395, it was held, in the language of the court :

" Where the person entitled to homestead is the owner of more than one lot, the court will take judicial notice of the subdivision of the town and city property into separate

blocks and lots, for the purpose of determining what lot of land is covered by the exemption," citing a similar holding in Gardner v. Eberhart, 82 Ill. 316.

We are not at liberty to disregard what seems to be so plain a holding by the Supreme Court, that, in order to determine the location of a lot of land for one purpose, judicial notice will be taken of a subdivision into blocks and lots of town or city property, and ourselves hold that for the determination of the location of a lot and block for another purpose such notice can not be taken. It may be also said that reasonable certainty in the description of the property, with respect of which the punishable offense was committed, is all that is required. Too much nicety and strictness in such respect tends more to the evasion than the investigation of the real offense. White v. People, 179 Ill. 356.

It was proved that the particular real estate in question is situated within the south town, and though such proof could not of itself aid the indictment, we must hold, in view of what we have said, that the proof and the allegations corresponded in respect of the property described in the indictment.

There is, however, another view of the indictment, which the majority of the court are of opinion aids it. The charge is in effect that the plaintiff in error, as assessor, solicited a bribe for the violation by himself of an official duty. Such official duty could be violated by him only in connection with property concerning the assessment of which he could officially act, and hence, only concerning property situated within the town for which he was assessor. Such charge is thought to be equivalent to a charge that the property was situated in the town of South Chicago, for which he was the assessor.

It is next said that the indictment is defective in failing to charge the intent.

The specific section (32) of the Criminal Code, under which it seems to be agreed the plaintiff in error was indicted and tried, does not mention the element of intent

with which a bribe shall be solicited or agreed to be received.

Bishop, in his work on Criminal Procedure, Vol. 1, Sec. 523 (3d Ed.), says that, subject to exceptions referred to by him, "the rule is, that if a statute creating an offense is silent concerning the intent, there need be no intent alleged in the indictment." See also McCutcheon v. People, 69 Ill. 601.

Doubtless, wherever the statute makes the intent an element of the offense it must be alleged, and this is particularly true where an act is innocent in its nature, but becomes criminal by reason of some accompanying evil intent in its doing. But where an act is criminal in its very nature it is *prima facie* evil in intent, and the intent need not be alleged, unless the law has made it affirmatively or descriptively an element in the offense. 1 Bishop, Crim. Proc., Secs. 521–525.

Here, although the evil intent with which the alleged solicitation of a bribe is not, in so many words, alleged, it is involved in the allegations of the indictment, and is inferable from the indictment as a natural and legal consequence of the act of soliciting a bribe that is alleged.

The remaining points, that the proof failed to support the allegations of the indictment and that error was committed in the giving of instructions to the jury, may be considered together, for they are closely related.

The indictment charged in effect that the thing proposed to be done by the plaintiff in error, for the bribe proposed, was to reduce the assessed valuation on the described premises from $100,000 to an assessed valuation of $91,970.

It was proved that the assessed valuation as returned to the county clerk was $100,000, and though there was other evidence, in the written memorandum furnished by plaintiff in error and the testimony of Fellows, that the alleged corrupt proposal had reference to reducing the assessed valuation from $130,000 to the amount of $91,970, which was the assessed valuation for the previous year, we can not say that the jury were not justified in finding that the charge was

proved as laid in the indictment.    The really material part of the charge was that in consideration of the payment of the proposed bribe the assessed valuation of the property would be reduced.

True, the conversation in which the alleged corrupt proposal was made was, in its most particular part, explicitly denied by two witnesses produced in behalf of the plaintiff in error, and was supported by only one witness in behalf of the State, but it was for the jury to say which, if any, of the witnesses were unworthy of belief, and their verdict having been sanctioned by the trial judge, who saw and heard the witnesses, and observed their manner of testifying, it is not permissible for us, for anything appearing in this record, to set aside the verdict.

The instruction that is complained of was based upon the theory that there was evidence of a proposal by the plaintiff in error to reduce the assessed valuation to the sum of $91,970, and, in view of what we have said, the instruction was not erroneous.

Having considered the entire record we are unable to say wherein any substantial error has been committed, and there remains for us nothing but to affirm the judgment, which is done accordingly.    Affirmed.