Rathmell, J.
The relator prays for a writ of mandamus on the board of tax commission of Ohio to examine the records and reports of corporations.
The petition alleges that said board is a public board and as such has possession and control of the records and reports of all corporations doing business in the state; that these are public records, and examination of them'by relator has been refused; that the purpose of the examination is for information in the publication of a business directory pertaining to corporations.
Defendants have filed a general demurrer to the petition. It is contended the relator has not shown such an interest as brings him within the common law rule, and that the absence of a statute giving such a right, and the provision of the law governing the commission denies him the privilege.
The common law rule contended for by defendants — that the right to inspect public records is confined to those who have an interest in the subject-matter to which the record relates — is not a general rule, and has not only been denied as obtaining in this *320 country (78 Mich., 363), but its application limited. And it pretty generally is held that subject to proper regulations and restrictions the public records are open to the inspection of any and all persons who choose to examine them, regardless of whether or not they have any definite interest in the subject-matter thereof. (24 Ency. of Law, p. 183.)
There is good authority it seems that where a person is by law or by authority of law required to mate a report or return of his acts or a statement of facts, that such is a public record of such acts or facts. (24 Ency. of Law, 174, and com.; 34 Ill., 297, etc.)
The law governing the tax commission requires a sworn statement of certain officers constituting the reports sought to be inspected. The same law makes the record of the proceedings of the commission a public record. (Section 4, 102 O. L., 224.)
We are of opinion that the maxim urged by defendants does not apply so as to necessarily imply that these reports are not public records. It places beyond dispute that the record of proceedings of the commission is a public record. The reports are not robbed of their public character under the other rule cited in the absence of an express exclusion by the statute.
We are unable to discover any' special secrecy as to the reports on the part of the commission revealed in the statute; or any very good reason for withholding inspection in view of the claim that for years similar reports have been treated as public records when made to the auditor of state. We are of opinion that the pleading on its face makes a showing of a right to examination prayed for and that the demurrer is not well taken, and same is overruled.