THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EMMETT JONES, Plaintiff in Error.

*Opinion filed June 16, 1914.*

1. CRIMINAL LAW—*the right to withdraw a plea and move to quash is not absolute.* By entering a plea of not guilty the defendant waives his right to move to quash the indictment, and whether he shall thereafter be permitted to withdraw his plea and enter a motion to quash rests in the sound discretion of the court.

2. SAME—*what is not a sufficient charge of attempt to enter a house with intent to commit rape.* Counts of an indictment charging the defendant with attempting to enter the house of a certain person with intent, violently and against her will, to ravish and carnally know a female named in the counts are not sufficient, as the word "violently" is not synonymous with "forcibly."

3. SAME—*when charge of intent is too general and indefinite.* A count charging the defendant with an attempt to break and enter the dwelling house of a named person in the night time, "with intent then and there to commit a felony in said dwelling house, the exact nature of which is to the grand jurors unknown, the same being an offense prohibited by law," is too general and indefinite in its charge of intent.

4. SAME—*essentials of indictment charging attempt to commit an offense.* Under paragraphs 37 and 273 of the Criminal Code every attempt to commit an act made a crime and prohibited by law is made a crime and the punishment therefor fixed, but an indictment cannot be properly drawn so as to include in one count and in general terms a charge which would permit the State to prove an intent to commit any act which is by law made a felony, without specifying the particular felony and thereby advising the defendant of the precise charge against him.

5. SAME—*when motion in arrest is properly denied.* Where the jury returns a general verdict of guilty and there are one or more good counts in the indictment charging an offense which the evidence on the part of the People tends to prove was committed, a motion in arrest of judgment is properly denied.

6. SAME—*when instructions as to effect of drunkenness should not be given.* Instructions should not be given which state that voluntary intoxication is not an excuse for the commission of any crime or misdemeanor and is not an excuse for the crime of attempting to enter a house with criminal intent, when there is evidence that the accused was so intoxicated that he was incapable of forming any specific intent.

7. SAME—*when instructions are too broad.* Instructions stating that if the accused attempted to break and enter the dwelling in question with intent to commit the crime of murder, rape, robbery, larceny or any other felony then he was guilty of an attempt to commit burglary are too broad, where there is no proof of any intent other than to commit larceny.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding.

ARTHUR A. LOWRY, for plaintiff in error.

P. J. LUCEY, Attorney General, F. A. ORTMAN, State's Attorney, and ARTHUR R. ROY, for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error, Emmett Jones, was tried and convicted in the circuit court of Livingston county under an indictment charging him with an attempt to commit burglary and was sentenced to an indeterminate term in the penitentiary.

The offense is alleged to have been committed on June 5, 1913. The indictment was returned October 16, 1913, and on October 24 plaintiff in error was admitted to bail, arraigned and pleaded not guilty. On November 3, following, he asked leave to withdraw his plea of not guilty and enter a motion to quash the indictment, which was denied, and this action of the court is assigned for error. By entering his plea of not guilty plaintiff in error waived his right to move to quash the indictment, and whether he should thereafter be allowed to withdraw his plea of not guilty in order to enter a motion to quash rested in the sound discretion of the court. No showing was made at the time leave to withdraw the plea was asked why motion to quash had not been made prior to entering the plea, and we perceive nothing to indicate that there was any abuse of discretion in denying this motion.

Before sentence a motion in arrest of judgment was interposed and denied, and it is now urged that each count of the indictment is insufficient.

The first count of the indictment is drawn under paragraph 273 of the Criminal Code, and charges plaintiff in error, in proper form, with an attempt to break and enter the dwelling house of Mrs. Lizzie Brace with intent to steal, take and carry away the goods, chattels, moneys and property then and there in said dwelling house. Said paragraph 273 provides for the punishment of an attempt to commit any offense prohibited by law where no provision is made by law for the punishment of such attempt. The evidence on the part of the People tended to prove that the plaintiff in error had attempted to break and enter the dwelling house of Mrs. Lizzie Brace in the night time with intent to commit the crime of larceny, the punishment for which is specifically provided for by paragraph 37 of the Criminal Code. This count of the indictment is a good count under paragraph 273 but would not be sufficient to sustain a conviction on proof of a crime the punishment for which is provided for by said paragraph 37.

The second and fifth counts of the indictment are each drawn under paragraph 37 of the Criminal Code, and charge plaintiff in error with an attempt to break and enter the dwelling house of Mrs. Lizzie Brace in the night time. The only difference in these counts is, that the second charges the attempt to have been made with the intent to steal, take and carry away the property then and there in said dwelling house, whereas the fifth count charges the attempt to have been made with the intent to steal, take and carry away the property of Mrs. Lizzie Brace then and there in said dwelling house. These counts are correct in form and substance and are not subject to the criticism made, that they are each drawn under two separate sections of the statute.

The third and sixth counts charge the attempt to have been made in the night·time,. with intent to commit a rape, the only difference in the counts being that a different female is mentioned in each count. These counts are both bad. Rape is defined by the statute as the carnal knowledge of a female forcibly and against her will. By each of these counts plaintiff in error is. charged with an attempt to enter the house with the intent violently and against her will to ravish and carnally know the female named. Force is an essential element of the crime of rape, and an indictment which charges the assault to have been made with violence or violently is not sufficient to charge that it was made forcibly. The words "violently" and "forcibly" are not synonymous and do not convey the same meaning, and these two counts are not sufficient to sustain a judgment of guilty.

The fourth count charges plaintiff in error with an attempt to break and enter the dwelling house of Mrs. Lizzie Brace in the night time,· "with intent then and there to commit a felony in said dwelling house, the exact nature of which is to the grand jurors unknown, the same being an offense prohibited by law," etc. It is necessary for the People to allege and prove the specific intent with which plaintiff in error attempted to break and enter the house in question. The charge of the intent in this count is entirely too general and indefinite, as it did not in any degree tend to apprise the plaintiff in error of the offense of which he was charged or the case which he would be called upon to meet. While under the two paragraphs of the Criminal Code above referred to every attempt to commit an act made a crime and prohibited by law is made a crime and the punishment therefor fixed, an indictment cannot be properly drawn so as to include in one count and in general terms a charge which would permit the State to prove an intent to commit any act which is by law made a felony, without specifying the particular felony and thereby advis-

ing the defendant of the precise charge made against him. Under an indictment for an attempt to commit burglary each count must charge the specific intent with which the attempt was made.

The jury returned a verdict of guilty. As there are two good counts in the indictment charging an offense which the evidence on the part of the People tends to prove was committed, they are sufficient to sustain a conviction under a general verdict of guilty, and the motion in arrest of judgment was therefore properly denied. *Curtis* v. *People,* Breese, 256; *Hiner* v. *People,* 34 Ill. 297; *Ochs* v. *People,* 124 id. 399; *People* v. *McCann,* 247 id. 130.

The evidence on the part of the People tended to prove that the plaintiff in error, about midnight of the night of June 5, 1913, attempted to break into the dwelling house of Mrs. Lizzie Brace, in the city of Pontiac, with intent to commit larceny. He was captured on the premises by a police officer of that city, who came in response to a telephone call from the Brace residence. The only defense interposed by plaintiff in error was that he was in such an intoxicated condition on the night in question as to be unable to form any intent. He testified that he drank whisky to excess in various saloons of Pontiac during that evening, and that at the time of his arrest he was so intoxicated that he did not know what he was doing; that he had no recollection whatever of being at the residence of Mrs. Brace or attempting to enter it, and that he did not remember anything that transpired for some time previous to his arrest. While his testimony is somewhat contradictory and developed that he did remember some incidents that happened about the time of his arrest, he persistently stated that he had no recollection of anything which had transpired and that he was so drunk he did not know what he had done. After the officer took him in custody on the premises of Mrs. Brace he accompanied plaintiff in error to his home and there left him. Shortly thereafter, in com-

pany with another officer, he returned to the house where plaintiff in error roomed and found him lying asleep in the yard. The woman in whose house plaintiff in error stayed also testified that he was drunk on this occasion. On the other hand, the two police officers and the express agent at the Chicago· and Alton station, who saw plaintiff in error a short time before the attempt to break into the house of Mrs. Brace and immediately after he had been apprehended, each testified that he was not intoxicated. Under this state of the record the court gave the two following instructions offered by the People:

"The court instructs the jury that under the law of the State of Illinois voluntary drunkenness is not an excuse for the commission of any crime or misdemeanor."

"The court instructs the jury that if you believe, beyond a reasonable doubt, that the defendant, Emmett Jones, became voluntarily intoxicated and while so intoxicated he committed the crime of an attempt to enter Mrs. Brace's house with a criminal intent, as charged in the indictment or some count thereof, then under such state of proof his drunkenness would not be an excuse for the crime as charged."

These were the only instructions asked or given on this question. The People contend that the giving of these instructions was proper under paragraph 291 of the Criminal Code, which provides that drunkenness shall not be an excuse for any crime or misdemeanor unless it be occasioned by the fraud, contrivance or force of some other person for the purpose of causing the perpetration of an offense. This statute is but declaratory of the common law, as at the common law voluntary drunkenness was no excuse for crime. The attempt to break and enter the home of Mrs. Brace did not, alone, constitute the crime of attempted burglary. It was necessary not only to allege in the indictment, but also to prove, the specific intent with which the attempt to enter the dwelling was made, and no

conviction could be had unless such intent be proven. If plaintiff in error at the time was wholly incapable of forming the intent charged,—whether from intoxication or any other cause,—he was guilty of no crime, and it was competent for him to prove that at that time he was incapable of forming such intent. (*Crosby* v. *People,* 137 Ill. 325; *Schwabacher* v. *People,* 165 id. 618; *Bruen* v. *People,* 206 id. 417.) It was therefore essential that the jury be accurately instructed on this question, and under this state of the proof it was reversible error to give these instructions, which, in effect, told the jury that intoxication was no defense in any event.

By the ninth and eleventh instructions given on behalf of the People the jury were told that if they believed that plaintiff in error attempted to break and enter the dwelling in question with intent to commit the crime of murder, rape, robbery, larceny or any other felony, he was guilty of an attempt to commit burglary. These instructions are too broad. There was no proof of any intent other than to commit larceny, and it was not proper to instruct the jury that they might theorize or speculate, in the absence of proof, as to the intent of plaintiff in error when he attempted to break into the dwelling. It is not a sufficient answer to the criticism made of these instructions to say that they are substantially in the language of said paragraph 37 of the Criminal Code. That paragraph of the statute authorizes only the prosecution of the particular crime committed, and the instructions should have been confined to the offense charged and the only offense which the evidence tended to show had been committed.

For the reasons indicated the judgment of the circuit court is reversed and the cause remanded for another trial.

*Reversed and remanded.*