(No. 14129.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES CONNORS, Plaintiff in Error.

*Opinion filed December 22, 1921—Rehearing denied Feb. 9, 1922.*

1. CRIMINAL LAW—*when indictment for burglary need not use the word "feloniously."* An indictment for a statutory offense is sufficient if it sets forth the offense in the terms and language of the statute creating the same or so plainly that its nature may be easily understood by the jury, and in an indictment for burglarizing a freight car it is sufficient to describe the offense in the language of the statute, without including the word "feloniously." (*Ervington* v. *People,* 181 Ill. 408, distinguished.)

2. SAME—*when court may refuse to allow accessory to answer questions as to promise of leniency.* It is not prejudicial error to refuse to allow an accessory, who is testifying as a witness for the People, to answer certain questions asked by counsel for the defendant on cross-examination as to whether or not the witness was promised leniency by the State, where the witness has already testified that he had been promised no leniency and did not expect any.

WRIT OF ERROR to the Circuit Court of McHenry county; the Hon. E. D. SHURTLEFF, Judge, presiding.

JAMES F. FARDY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, VINCENT S. LUMLEY, State's Attorney, CHARLES E. SELBY, and WILLIAM M. CARROLL, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error, James Connors, was indicted and convicted for the crime of burglary by breaking into a certain railroad car of the Chicago and Northwestern Railway Company in McHenry county and sentenced on that charge.

It is insisted in the original brief filed by counsel for plaintiff in error that there was a variance between the indictment and the proof, in that the indictment stated that the car belonged to the Chicago and Northwestern *Railway* Company, whereas it is insisted the proof showed that the name of the company was the Chicago and Northwestern *Railroad* Company. Since the filing of that brief the counsel for both parties have amended the record in this court, showing that in the record as written up by the stenographer the use of the name "Chicago and Northwestern Railroad Company" was a mistake, and that it should have been written "Chicago and Northwestern Railway Company." It is unnecessary to consider or decide, in this state of the record, the question of variance.

The principal argument of counsel for plaintiff in error is that the case should be reversed because the indictment failed to charge that the crime was committed "feloniously." It is conceded that the indictment is drawn substantially in the language of section 36 of the Criminal Code, as to the crime of burglary. (Hurd's Stat. 1917, p. 945.) Section 6 of division 11 of the Criminal Code provides that "every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury." (Hurd's Stat. 1917, p. 1028.) An indictment for a statutory offense is sufficient if it sets forth

the offense in the terms and language of the statute creating the same or so plainly that its nature may be easily understood by the jury.  This court has so held in numerous cases, (*White* v. *People,* 179 Ill. 356, and cases there cited; *People* v. *St. Clair,* 244 id. 444; *People* v. *Ashbrook,* 276 id. 382;) and has more than once said that where a statute creates an offense, while indictments thereunder should contain proper and sufficient averments to show a violation of the law, "great niceties and strictness in pleading should only be countenanced and supported when it is apparent that the defendant may be surprised on the trial or unable to meet the charge or make preparation for his defense for want of greater certainty or particularity in the charge.  Beyond this, it tends more to the evasion than the investigation of the charge, and becomes rather a means of escaping punishment for crime than of defense against the accusation."  (*Cannady* v. *People,* 17 Ill. 158; *White* v. *People, supra.*)  The indictment in this record answers these requirements and states the offense in the language of the statute, and there is nothing shown in this record to indicate in any way that the offense charged in the indictment was not easily understood by all parties concerned, including the jury.  Indeed, this court has held, in terms, that it is sufficient, under our statute, to describe the offense of burglary in the language of the statute, without including the word "feloniously."  (*People* v. *Everett,* 242 Ill. 628.)  While the court in the latter case was construing an instruction defining the offense of burglary and not considering an indictment, we deem the reasoning of the court absolutely conclusive on the identical question raised here.

The reasoning of this court in *Ervington* v. *People,* 181 Ill. 408, to the effect that the word "feloniously" should be inserted in an indictment charging an assault with intent to murder, we do not deem controlling on this question, for this court in *Bolen* v. *People,* 184 Ill. 338, construed the opinion in the *Ervington case* as merely holding that

the crime there charged was a felony at common law, and it is clear under all the authorities that by the common law it was necessary to charge the crime of burglary to have been feloniously committed. It would be as illogical and unreasonable to hold that in an indictment the word "feloniously" is necessary to charge the crime of burglary, as it would be to hold that the many offenses which our statute characterizes as being burglary but which are not covered by the common law definition of the crime of burglary could not be punished under our statute with its special wording. As an illustration: this very crime of burglary of a railroad car would not have been a burglary at common law. (Archbold's Crim. Pl. & Pr.—1905 ed.—624.) There can be no question that this indictment, under our statute, as construed by our decisions and on reason, must be held as sufficiently charging the crime of burglary.

Counsel for plaintiff in error further argues that error was committed by the trial court in refusing to allow one of the witnesses, who the evidence tends to show was an accessory to this crime, to answer certain questions asked by counsel for plaintiff in error as to whether or not he had been promised leniency by the State. A reading of the entire examination of this witness as set forth both in the record and in the abstract clearly shows that he answered at least once, if not more than once, that he had been promised no leniency by the State and did not expect anything, and while certain questions involving this point were not permitted to be answered by the court, we think they were mere repetitions of other questions that were answered by the witness, and we cannot see how the refusal of the court to permit these questions to be answered more than once injured plaintiff in error.

We find no error in the record. The judgment of the circuit court will be affirmed.        *Judgment affirmed.*