(No. 25344.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETER B. SCHYMAN *et al.* Plaintiffs in Error.

*Opinion filed April 10, 1940—Rehearing denied October 14, 1940.*

FARTHING and SHAW, JJ., dissenting.

CHARLES P. R. MACAULAY, and W. W. SMITH, for plaintiffs in error.

WALTER BACHRACH, for plaintiffs in error on rehearing.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Per CURIAM: Plaintiffs in error were indicted for causing an abortion by the use of instruments, and were found guilty by a jury in the criminal court of Cook county and sentenced to the penitentiary. One Ernest Newton was also indicted but not tried. They have sued out this writ of error.

The prosecutrix in this case had intercourse with Newton in the middle of November, 1937. She did not menstruate next month, and had attacks of nausea. On January 3, 1938, she went with Newton to Dr. Froelich for treatment. Froelich made no examination, but gave her emenagogue tablets, repeating this treatment on January 14. There were visits on January 18, 19 and 20, when Dr. Froelich gave injections of a drug known as antuitrin S, used as a test for pregnancy. Dr. Froelich testified, over objection, that from the test he determined she was pregnant. A sixth visit was made February 8, 1938, but Froelich did nothing but advise her to get married. On February 14, prosecutrix and Newton went to the office of defendant Schyman, who examined prosecutrix and found an inflammatory condition of the cervix. He inserted a cotton tampon treated with medicine. Schyman said she should be treated at home, but that he did not do home cases and referred her to Dr. Hannon. Newton and Schyman talked about money for "an operation." Both the prosecutrix and Newton testified that Schyman said that she was pregnant. Schyman denied saying this.

On February 18, Newton returned alone and told Schyman that prosecutrix was not feeling well. Newton testified Schyman said he had everything fixed, and asked New-

ton how much he would pay. Newton offered $75 and this was accepted. Schyman then introduced Dr. Hannon, who was in the office at the time. Hannon went with Newton to the latter's apartment where prosecutrix was, and examined her. He found the cervix swollen, small ulcers on the neck of the womb, and an inflamed condition of the vagina, with a light yellow discharge streaked with blood. He swabbed the parts with argyrol, using an applicator, and inserted a medicated tampon. Prosecutrix and Newton testified that Hannon inserted a little rubber tube with packing. Hannon said no tube was used. The tampon was removed in twenty-four hours as the doctor directed, and this caused severe pain. On February 24, Hannon made a second call and inserted another tampon. Prosecutrix and Newton testified there was a tube in it. This tampon was removed the next day, and she began to bleed. Hannon gave Newton some pills to relieve the girl's pain. That evening she passed water and large clots of blood vaginally. She was taken to her sister's house. On Saturday, February 26, 1938, she had high fever. On Tuesday, March 1, Dr. Brooker was called who prescribed medicine and capsules for the fever and infection. On Wednesday, March 2, she was taken to St. Ann's Hospital, where she was examined by Dr. Hawkins. Prosecutrix remained in the hospital until May 20, 1938. Dr. Hawkins found no fetus or sign of placental tissue. He testified that it is possible to cause an abortion by inserting a catheter into the womb by way of the cervix, and that a rubber tube can be called a catheter. There was evidence that the insertion of tampons would not cause a miscarriage.

Request for a directed verdict was denied, and after a verdict, a motion for a new trial was denied.

Error is assigned on the refusal to instruct the jury to find defendants not guilty, in admitting incompetent evidence, in the giving and refusing of certain instructions, and in denying the motion for a new trial.

There was sufficient evidence against these plaintiffs in error to require the case to be submitted to the jury, and the motion for a directed verdict was properly denied.

Objection is made that Dr. Froelich was allowed to state, as his opinion, that the prosecutrix was pregnant. He based this opinion on what he learned by giving her the antuitrin S test. Plaintiffs in error contend that he should have described the test, its determinative objective symptoms and its effect upon the prosecutrix. They say it should then have been left to the jury to determine whether or not she was pregnant as a question of fact. No error was committed in allowing an attending physician to state his opinion based upon the test. The existence of pregnancy in the early stages of gestation is a proper subject of expert evidence. (*State* v. *Smith*, 32 Me. 369, 54 Am. Dec. 578.) Expert evidence is admissible on matters requiring scientific knowledge.

Defendants requested the following instruction which was refused: "H. The court instructs the jury that if the evidence shows that Doctor Horace Hannon treated the complaining witness, Mary O'Donnell, for an infection of the uterus and that the evidence does not show beyond a reasonable doubt that the said Mary O'Donnell was pregnant or that the defendant caused the expulsion of the fetus, it will become the duty of the jury to find Dr. Horace Hannon not guilty." This instruction directs a verdict. The first hypothesis,—"if the evidence shows that Dr. Horace Hannon treated the complaining witness, Mary O'Donnell, for an infection of the uterus,"—does not form a basis for such an instruction since he might have treated her for such a complaint and yet have been shown guilty, by evidence in the record, of committing an abortion on her. The balance of the instruction directed a verdict of not guilty if the jury did not believe beyond a reasonable doubt that Mary O'Donnell was pregnant "or" that the defendant caused the expulsion of the fetus. Defendants' first given

instruction told the jury that before it could convict either of the defendants the People must prove, beyond all reasonable doubt, "1. That an instrument was used upon the woman. 2. That the woman was pregnant with child. 3. That the purpose of using the instrument was to cause a miscarriage. 4. That the same was not done as necessary for the preservation of the mother's life." The jury was also, in that instruction, told that "if the State fails to prove beyond all reasonable doubt any one of the above mentioned essential elements, it is your duty to acquit." Thus, the second feature of the refused instruction was fully covered by defendants' first given instruction. The law does not contemplate more than one instruction on a given phase of the issue before the jury. It was not error to refuse defendants' offered instruction H.

Counsel for plaintiffs in error also contend that the People's given instruction No. 5 is too broad; that, given in the language of the statute, it was misleading and so erroneous. That instruction told the jury: "Whoever, by means of any instrument or other means whatever, causes any woman pregnant with child to abort, or miscarry, unless the same were done as necessary for the preservation of the mother's life, shall be imprisoned," etc.

The indictment charges abortion by use of an instrument and counsel say that as there was no evidence of abortion by other means, it was error to give this instruction. They cite *People* v. *Crane,* 302 Ill. 217, which holds that while it is sometimes proper to give an instruction in the language of the statute, yet where the statute defines more than one crime the rule does not apply.. It will be observed that the statute before us defines but one crime and one criminal intent, and makes its commission, by an instrument or any other means, punishable. In the case of *People* v. *Jones,* 263 Ill. 564, cited by counsel, the defendant was charged with an attempt to commit burglary of a dwelling. The jury was instructed substantially in the language of the

statute, that if it believed the defendant attempted to break into the dwelling with intent to commit murder, rape, robbery, larceny "or any other felony" he was guilty of an atttempt to commit burglary. Such instructions were there held to be too broad, this court saying: "That paragraph of the statute authorizes only the prosecution of the particular crime committed, and the instruction should have been confined to the offense charged and the only offense which the evidence tended to show had been committed." The statute in that case defined attempted burglary as embracing different offenses, with a different intent from that to commit rape, and the intent to commit rape involves a different criminal intent from that to commit larceny. An act committed in an attempt to commit rape, or murder or larceny, is also an attempt to commit the crime intended, each a separate crime within itself, and as was truly said in *People* v. *Jones, supra*: "It was not proper to instruct the jury that they might theorize or speculate, in the absence of proof, as to the intent of the plaintiff in error when he attempted to break into the dwelling." It will thus be seen that the statute involved there differs somewhat from the Abortion statute, which defines but one crime and but one intent, though including different means.

However, the indictment charged the use of an instrument and there was no proof of the means. A defendant is entitled to have the jury so instructed that it may not become confused as to what constitutes the issue before it, and were it to appear that such confusion might reasonably arise, the giving of such an instruction would constitute error. In this case, as we have seen, the jury was clearly and specifically instructed by another instruction that unless the People proved beyond all reasonable doubt "that an instrument was used upon the woman," and, as to intent, it was as specifically charged that the People must prove with equal form "that the purpose of using the instrument was to cause a miscarriage." We are, therefore, of the

opinion that the jury could not reasonably have been confused as to the issue to be proved by the People. It has been held that an instruction repeating *verbatim* a section of the statute, though, in itself, misleading, does not require reversal of the judgment, when there is also given an instruction specifically stating the law applicable to the facts appearing in the record. (*White* v. *People,* 179 Ill. 356; *Appleton* v. *People,* 171 id. 473.) It was not error to give the People's instruction No. 5.

Plaintiffs in error also contend that the giving of the People's instruction No. 7 was erroneous. This instruction defines an accomplice and states the law concerning his testimony. Counsel say that the instruction assumes that a crime was committed and that some witness who testified was implicated and that such an instruction is misleading. Such instructions have been, on like objection, held proper, (*People* v. *Johnson,* 317 Ill. 430.) The giving of this instruction was not error.

As the record contains no error requiring reversal of the judgment, that judgment is affirmed.

*Judgment affirmed.*

FARTHING and SHAW, JJ., dissenting.