(No. 33342.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARA LEBOLT, Plaintiff in Error.

*Opinion filed March 24, 1955.*

COGAN & COTSIRILOS, (CHARLES A. BELLOWS, of counsel,) both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, GEORGE W. SCHWANER, JR., JOHN T. GALLAGHER, and RUDOLPH L. JANEGA, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The plaintiff in error, Clara Lebolt, (herein called defendant,) was jointly indicted with Andrew Heotis in the criminal court of Cook County on August 14, 1953. The indictment charged that on January 18, 1953, in the daytime, the defendant and Andrew Heotis attempted to break and enter the dwelling house of Louis Dreyfuss with the intent to steal, take and carry away goods, chattels, money and property of Louis Dreyfuss and Lelia Dreyfuss, and in said attempt did certain acts towards the commission of said offense, to-wit: did then and there scratch and scrape with a certain instrument around the lock of the front door

leading to said dwelling house and did then and there insert a certain key into the lock of said front door and did then and there insert a certain screw driver between the door and the door jamb of said front door.

The defendant and Heotis were tried together, and the jury found them both guilty. Heotis was granted probation, but the defendant was sentenced to a term of not less than one year nor more than four years in the Illinois State Reformatory for Women.

The defendant prosecutes a writ of error to this court, contending that the trial court committed reversible error in instructing the jury. She complains as follows: (1) Where it appears the indictment charged that the defendant attempted to break and enter the apartment of the complainant in the daytime with intent to commit larceny, it was error for the court to instruct the jury on the theory that the defendant was charged with the crime of attempted burglary, since section 37 of division I of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 85,) provides that an attempt to commit burglary must be committed in the nighttime. (2) The trial court erred in giving an instruction which defines the crime of burglary in the language of the statute and thereby refers to crimes not charged in the indictment.

The defendant does not contend the evidence is insufficient to sustain the conviction, but relies entirely upon the two allegedly erroneous instructions.

The first of these instructions (No. 13) recites as follows: "The court instructs the jury that whoever attempts to commit the crime of burglary and does any act towards it but fails or is intercepted or prevented in its execution shall be deemed guilty of the crime of attempt to commit a crime, to-wit, burglary."

Section 37 of division I of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 85,) provides for the crime of attempt to commit burglary *in the nighttime* as follows:

"Whoever shall attempt to break and enter in the night time any building, ship or vessel, with intent to commit the crime of murder, rape, robbery, larceny or other felony, shall be imprisoned in the penitentiary not less than one year nor more than five years."

It is conceded that the defendant could not have been convicted under the foregoing section because the acts complained of took place in the daytime. However, the State argues that since there was no other section which specifically punished an attempt to commit burglary in the daytime it was proper to base the indictment on section 1 of division II of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 581,) the so-called general attempt statute, which reads: "Whoever attempts to commit any offense prohibited by law, and does any act towards it but fails, or is intercepted or prevented in its execution, where no express provision is made by law for the punishment of such attempt, shall be punished, when the offense thus attempted is a felony, by imprisonment in the penitentiary not less than one, nor more than five years; in all other cases, by fine not exceeding $300, or by confinement in the county jail not exceeding six months." Burglary, it is reasoned, being an "offense prohibited by law" and for which "no express provision is made by law" for the punishment of an attempt committed in the daytime, it was proper to base this indictment on said general attempt statute.

The defendant's position is that the legislature did not intend to create under the general statute the offense of an attempt to commit burglary in the daytime, as it excluded such offense under the specific statute punishing attempts to commit burglary in the nighttime.

We agree, in accordance with the State's contentions, that an indictment for attempt to commit burglary in the daytime could be brought under the general attempt statute. The general statute refers to attempts to commit *any*

offense prohibited by law where no *express* provision is made by law for the punishment of such attempt. The specific statute provides for attempts to commit burglary at night, but it does not refer at all to attempts made in the daytime. Therefore, the language of the general statute is broad enough to encompass an attempt to commit the crime of burglary in the daytime, and such crime is not excluded by the specific statute.

The complained-of instruction was predicated on the indictment, and since the indictment conformed to the general attempt statute, the trial court did not commit error in giving this instruction.

The second instruction challenged by the defendant (No. 12) defined the crime of burglary in the language of the statute. Said statutory definition, contained in section 36 of division I of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 84,) is as follows: "Whoever wilfully and maliciously and forcibly breaks and enters, or wilfully and maliciously, without force (the doors or windows being open), enters into any dwelling-house, kitchen, office, shop, store-house, ware-house, malt-house, stillinghouse, mill, pottery, factory, wharfboat, steamboat, or other water craft, freight or passenger railroad car, church, meeting-house, school-house, or other building, with intent to commit murder, robbery, rape, mayhem, or other felony or larceny shall be deemed guilty of burglary and be imprisoned in the penitentiary for any term of years not less than one year or for life."

The defendant complains of this instruction because it defines the crime of burglary in the language of the statute and thus sets forth that burglary may be committed if the breaking into and entry is with intent not only to commit larceny but also with the intent to commit murder, robbery, mayhem, or other felony. Hence, it is argued that the instruction by referring to other crimes not charged in the indictment was confusing to the jury. This objec-

tion might be well taken if there were no other instruction covering the specific intent charged in the indictment. The record here, however, discloses that a specific instruction (No. 9) was given with reference to the intent charged in the indictment. This instruction is as follows: "The Court instructs the jury, as a matter of law, that to constitute the offense charged in this case, the intent alleged in the indictment is necessary to be shown. But such intent need not necessarily be proven by direct evidence. If the jury believe, beyond a reasonable doubt, that the intent charged in the indictment is shown by the facts and circumstances in evidence, that is sufficient." The indictment charged an attempted breaking and entering of the dwelling with "the intent to steal, take and carry away goods, chattels, money and propery of Louis Dreyfuss and Lelia Dreyfuss." The foregoing instruction, therefore, informed the jury that in order to convict the defendant, the jury must find that the attempted entry and breaking was with intent to commit larceny. This the jury did by their verdict finding the defendant guilty, and the evidence in the case fully justifies such a verdict. This court has held that an instruction repeating *verbatim* a section of the statute, though in itself misleading, does not require a reversal of a judgment where there is also given an instruction specifically stating the law applicable to the facts appearing in the record. *People* v. *Schyman,* 374 Ill. 292.

Therefore, it is apparent that the jury could not reasonably have been confused by the instruction giving the statutory definition of burglary, and we do not believe the defendant was prejudiced thereby. *People* v. *Mulford,* 385 Ill. 48.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*